UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

| | |
|---|---|
| MARIBEL ORTIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ST. THOMAS UNIVERSITY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff MARIBEL ORTIZ (the "Plaintiff") sues defendant ST. THOMAS
UNIVERSITY, INC. (the "Defendant") and alleges:

### I.     JURISDICTION

1.      This action arises out of Plaintiff's employment relationship with Defendant,
including her unlawful discrimination and wrongful termination in violation of the Age
Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"); 42 U.S.C.
§ 1981 ("1981"); the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq.* ("FCRA"); and
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title
VII").

2.      This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. §
2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4).

3.      The Court has supplemental jurisdiction over the related state law claims
pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or

controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.     VENUE

7.     The Defendant is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

8.     The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

9.     Defendant has its main place of business in Miami-Dade County, Florida, where Plaintiff worked for the Defendants. At all times material, Defendant engaged in interstate commerce.

10.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

11.     The employment records of the Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## III.     GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Defendant is a private university located in Miami-Dade, Florida.

13.     Plaintiff is almost 58 years old. She is a Black Hispanic woman.

14.     At all times material, the Plaintiff was employed by the Defendant until she was unlawfully terminated in September of 2024.

15.     Plaintiff began working for Defendant over 22 years ago. Specifically, Defendant hired Plaintiff in August of 2002.

16.     Since then, Plaintiff became a full time Senior Accountant for Defendant in December of 2002, was later promoted to Assistant Controller, and in 2006, Plaintiff became the Defendant's Controller.

17.     Plaintiff's hard work and merit paid off and in 2018, she became the Defendant's Assistant Vice President of Finance (in addition to her position as Controller). In her role as Assistant Vice President of Finance, Plaintiff became the second highest ranking employee in the accounting department at the Defendant, a position only one grade lower than the position of Chief Financial Officer (the "CFO").

18.     Throughout her tenure, Plaintiff maintained an unblemished employment record and earned the respect of her colleagues, subordinates, and senior leadership.

19.     Plaintiff consistently performed her job duties in an exemplary fashion. She never received a negative performance evaluation, was never placed on a performance improvement plan, and was never disciplined or written up during her employment with Defendant.

20.     Over the course of her career, Plaintiff built and led the University's financial operations, managing an operating a budget exceeding $100 million, supervising a department of over twenty (20) employees, and delivering timely and accurate financial reports to the Board of Trustees.

21.     Despite her exemplary record and her well-founded expectation to become the Defendant's new CFO, Plaintiff was ignored and overlooked for the CFO position on at least three occasions during her tenure.

22.     Specifically, Defendant's CFO, Terrence O'Connor worked with Plaintiff, and they had a great working relationship. When Mr. O'Connor retired, he recommended

Plaintiff for the CFO position, but his recommendation was ignored and overlooked. Instead, Defendant hired Ms. Anita Britt, a Caucasian woman, to become the Defendant's new CFO.

23.     Approximately, nine months later, Ms. Britt left Defendant and she, just like her predecessor, recommended Plaintiff for the CFO position. However, Ms. Britt's recommendation was also ignored and overlooked. Instead, Defendant hired Ms. Linda Wagner, another Caucasian woman, to become the Defendant's new CFO.

24.     Later, in late 2023 or early 2024, Ms. Wagner terminated her role as CFO at the Defendant. She discussed Plaintiff as her potential replacement for the CFO position at the Defendant. Unfortunately for Plaintiff, Defendant once again ignored and overlooked Plaintiff for the CFO position and did not offer her that position. Instead, Defendant hired Mr. Diego Britto ("Britto"), a young,[1] Hispanic man, to become the Defendant's new CFO.

25.     At all times relevant, Plaintiff had comparable or more experience than those selected for the CFO position for the Defendant since at least 2018.

26.     Almost immediately, as soon as Britto became Plaintiff's direct supervisor and the highest-ranking employee in Plaintiff's department, Plaintiff noticed that he did not like working with Plaintiff.

27.     Despite Plaintiff being Britto's second in command, Britto rarely spoke to Plaintiff. Except for short meetings to address specific subjects, Britto avoided Plaintiff

---

[1] Mr. Britto, upon information and belief, is substantially younger than Plaintiff.

and instead went over her and bypassed Plaintiff to reach out to other employees in the accounting department.

28.     Upon Britto's arrival, he began to restructure the accounting department. Ignoring Plaintiff's proposal to include two new positions (Staff Accountant and Accounting Assistant) in the accounting department, Britto unilaterally decided to combine those positions into one and went ahead and hired his personal colleague, a Caucasian woman, Diana Halper.

29.     Soon thereafter, while Plaintiff expected Ms. Halper to fulfill the demands of her two roles, Plaintiff learned that Britto had specifically hired Ms. Halper to essentially spy on the accounting and finance departments and to report back to Britto.

30.     Also, in August of 2024, Britto began to question Defendant's Financial Analyst, Ms. Laurrie Rigaud's competence and performance. Ms. Rigaud is a Black woman of Haitian descent and worked directly under the supervision of Plaintiff.

31.     Later, without Plaintiff's knowledge or input, and completely disregarding protocol, Britto unilaterally decided to terminate Ms. Rigaud and to replace her (or to replace Plaintiff) with a white, male accountant, Glauco De Paula Santos.

32.     Britto terminated Ms. Rigaud and hired Mr. De Paula Santos in late August or early September of 2024, right around the time in which Defendant was undergoing an annual financial audit[2].

33.     On or about August 14, 2024, Plaintiff began complaining about Britto's conduct and the discrimination she was suffering as a result of her age, gender, and

---

[2] More recently, Ms. Rigaud's old position was awarded to yet another Caucasian woman.

race/nationality. She engaged in protected activity under federal and state anti-discrimination laws. Rather than investigating her claims, Defendant escalated its retaliation against her.

34.     As a result of Plaintiff's complaints, she was demoted, excluded from meetings, stripped of authority, and ultimately offered a diminished "consultant" role with reduced pay and no benefits, in lieu of her continued employment. In addition, Defendant offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated men and Caucasian women whose jobs were terminated.

35.     When Plaintiff declined the offered degrading and unlawful demotion and pay, Defendant terminated Plaintiff's employment on or about September 26, 2024. Plaintiff was later replaced by a Caucasian man.

36.     Defendant failed to take any corrective action in response to Plaintiff's complaints and instead retaliated against her for opposing discriminatory and unlawful employment practices. Meanwhile, Britto remains employed at the University and has not been subject to any investigation or discipline for his conduct.

37.     All conditions precedent to bringing this action have occurred, been performed or been excused.

38.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fees.

## COUNT I: RACE & COLOR DISCRIMINATION
## (DISPARATE TREATMENT) – TITLE VII

39.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

40.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

41.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

42.     The Plaintiff has complied with all conditions precedent in filing this action.

43.     The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

44.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

45.     The Plaintiff's race and color were motivating factors that caused the Defendant to discriminate against the Plaintiff.

46.     Defendant, by and through its agents, including but not limited to CFO Diego Britto, treated Plaintiff less favorably than similarly situated non-Black employees by subjecting her to disparate treatment.

47.     Specifically, Plaintiff was not offered the position of CFO because of her race and color. Instead, the position was offered to Caucasians and employees who are not black.

48.     In addition, Britto avoided Plaintiff, stripped her of authority, excluded her from meetings, and ignored and bypassed her even though she was the second in command in her department. Britto did not even consult with Plaintiff when he terminated her assistant and hired an accountant who is not Black.

49.     In the same vein, because of her race/color, Defendant demoted Plaintiff, offered her a diminished "consultant" role with reduced pay and no benefits, in lieu of her continued employment, and offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated Caucasian women whose jobs were terminated.

50.     Ultimately, Defendant terminated Plaintiff's employment because of her race and color, and was replaced by a Caucasian man. Similarly situated Caucasians and non-blacks were not terminated and treated more favorably.

51.     As a direct and proximate result of the race and color unlawful discrimination, Plaintiff sustained economic damages, severe emotional distress, humiliation, anxiety, and mental anguish, all of which affected and continue to affect her daily life and well-being.

52.     The Defendant acted willfully, maliciously, and with reckless indifference to Plaintiff's federally protected civil rights, including her right to work in an environment free from race/color-based discrimination.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from racial and color discrimination in the workplace.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to racial/color discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT II: RACE DISCRIMINATION (RETALIATION) – TITLE VII

53.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

54.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

55.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

56.     The Plaintiff has complied with all conditions precedent in filing this action.

57.     The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

58.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

59.     The Plaintiff complained about discrimination based on race. In doing so, she engaged in protected activity under federal and state anti-discrimination laws.

60.     In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated men and Caucasian women whose jobs were terminated; and ultimately terminated Plaintiff's employment, to later replace her with a Caucasian man.

61.     The Plaintiff sustained economic damages and emotional suffering and injury attributable to the Defendant's retaliatory actions.

62.     The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count II of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count II of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from unlawful retaliation in the workplace.

d.  Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to retaliation, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT III: SEX DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII

63.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

64.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

65.   At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

66.   The Plaintiff has complied with all conditions precedent in filing this action.

67.   The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

68.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

69.     The Plaintiff's sex/gender was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

70.     Defendant hired Britto and not Plaintiff to fulfill the CFO position because Plaintiff is a woman and Britto is a man.

71.     Defendant treated male employees that are similarly situated to Plaintiff, including those who were offered better severance deals, more favorably than Plaintiff only because of her gender.

72.     Defendant terminated Plaintiff because of her gender.

73.     As a direct and proximate result of the sex-based discrimination, Plaintiff sustained economic damages, severe emotional distress, humiliation, anxiety, and mental anguish, all of which continue to affect her daily life and well-being.

74.     The Defendant acted willfully, maliciously, and with reckless indifference to Plaintiff's federally protected civil rights, including her right to work in an environment free from gender-based discrimination.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count III of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count III of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from gender discrimination in the workplace.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to gender discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT IV: SEX DISCRIMINATION (RETALIATION) – TITLE VII

75.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

76.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

77.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

78.     The Plaintiff has complied with all conditions precedent in filing this action.

79.     The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

80.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

81.     The Plaintiff complained about sex discrimination. In doing so, she engaged in protected activity under federal and state anti-discrimination laws.

82.     In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated men whose jobs were terminated; and ultimately terminated Plaintiff's employment, to later replace her with a man.

83.     The Plaintiff sustained economic damages, emotional suffering and injury attributable to the harassment.

84.     The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IV of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count IV of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from retaliation in the workplace.

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to retaliation, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT V: NATIONAL ORIGIN DISCRIMINATION
## (DISPARATE TREATMENT) – TITLE VII

85. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

86. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

87. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

88. The Plaintiff has complied with all conditions precedent in filing this action.

89. The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

90. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

91. The Plaintiff's national origin – Hispanic – was the motivating factor that caused the Defendant to discriminate against the Plaintiff.

92. Defendant treated Plaintiff less favorably than similarly situated non-Hispanic employees by subjecting her to disparate treatment.

93.     Specifically, Plaintiff was not offered the position of CFO because she is Hispanic. Instead, the position was offered to Caucasians and employees who are not Hispanic.

94.     Because of her national origin, Defendant demoted Plaintiff, offered her a diminished "consultant" role with reduced pay and no benefits, in lieu of her continued employment, and offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated Caucasian women and men whose jobs were terminated.

95.     Ultimately, Defendant terminated Plaintiff's employment because of her national origin and was ultimately replaced by a non-Hispanic Caucasian man. Similarly situated non-Hispanics were not terminated and treated more favorably.

96.     As a direct and proximate result of the national origin discrimination, Plaintiff sustained economic damages, severe emotional distress, humiliation, anxiety, and mental anguish, all of which affected and continue to affect her daily life and well-being.

97.     The Defendant acted willfully, maliciously, and with reckless indifference to Plaintiff's federally protected civil rights, including her right to work in an environment free from race/color-based discrimination.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from national origin discrimination in the workplace.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to national origin discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT VI: NATIONAL ORIGIN DISCRIMINATION (RETALIATION) – TITLE VII

98.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

99.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

100.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

101.     The Plaintiff has complied with all conditions precedent in filing this action.

102.     The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

103.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

104.    The Plaintiff complained about discrimination based on national origin. In doing so, she engaged in protected activity under federal and state anti-discrimination laws.

105.    In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated non-Hispanic men and women whose jobs were terminated; and ultimately terminated Plaintiff's employment, to later replace her with a non-Hispanic Caucasian man.

106.    The Plaintiff sustained economic damages and emotional suffering and injury attributable to the Defendant's retaliatory actions.

107.    The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count II of this Complaint.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count II of this Complaint.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from unlawful retaliation in the workplace.

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to retaliation, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT VII: RACE DISCRIMINATION (DISPARATE TREATMENT) – 1981**

108.   The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 38 of this Complaint.

109.   The Plaintiff is a member of a protected class of Black citizens.

110.   At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

111.   During the course of the Plaintiff's employment with Defendant, Defendant violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

112.   During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black employees of the Defendants.

113.   Defendant's treatment, practices and policies directed toward the Plaintiff, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security

of persons and property as is enjoyed by Caucasian or non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

114.    The Defendant's treatment, practices and policies directed toward the Plaintiff, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

115.    Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race.

116.    During the course of the Plaintiff's employment with Defendant the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race.

117.    Defendant, at all times, had knowledge of the discriminatory actions described in this complaint.

118.    Despite Defendant's knowledge of the ongoing race discrimination, it failed to take remedial action.

119.    Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

120.    As a direct and proximate result of the foregoing, the Plaintiff has suffered economic damages, embarrassment, humiliation, emotional distress, and other forms of damage.

121.    The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b. Award the Plaintiff actual damages suffered;

c. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff punitive damages;

f. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g. Award the Plaintiff reasonable costs, interests, post-judgment interests, and attorneys' fees; and

h. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VIII: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981**

122.   The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 38 of this Complaint.

123.   The Plaintiff is a member of a protected class of Black citizens.

124.   At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

125.   During the course of the Plaintiff's employment with Defendant, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black employees, in violation of 42 U.S.C.A. § 1981(b), as amended.

126.    During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black employees of the Defendants.

127.    The Defendant's treatment, practices and policies directed toward the Plaintiff, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black employees, in violation of 42 U.S.C.A. § 1981, as amended.

128.    The Defendant's treatment, practices and policies directed toward the Plaintiff, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black individuals, in violation of 42 U.S.C.A. § 1981, as amended.

129.    Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race.

130.    Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

131.    Plaintiff complained about race discrimination. In doing so, she engaged in protected activity under federal law.

132.    In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated non-Hispanic men and women whose jobs were terminated; and ultimately terminated Plaintiff's employment, to later replace her with a non-Black, Caucasian man.

133.    Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

134.    As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

135.    The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award the Plaintiff actual damages suffered;

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.  Award the Plaintiff prejudgment interest on his damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT IX: AGE DISCRIMINATION (DISPARATE TREATMENT) – ADEA**

136.    The Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

137.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

138.   At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

139.   At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

140.   The Plaintiff has complied with all conditions precedent in filing this action.

141.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

142.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

143.   At all times material to this action, the Defendant engaged in unlawful discrimination against the Plaintiff due to her age, in violation of the ADEA.

144.   The Plaintiff is over 40 years old and is within a protected class.

145.   The Plaintiff was qualified to perform her job as Controller and Associate Vice President of Finance.

146.   The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, bypassing Plaintiff for promotion, and by terminating the Plaintiff due to her age.

147.   The effect of the practices complained of in this complaint has been to deprive the Plaintiff of equal employment opportunities, specifically her employment, because of her age.

148.   As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer,

emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment and post-judgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT X: AGE DISCRIMINATION (RETALIATION) – ADEA

149.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

150.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

151.    At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

152.    At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

153.    The Plaintiff has complied with all conditions precedent in filing this action.

154.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

155.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

156.    At all times material to this action, the Defendant engaged in unlawful discrimination against the Plaintiff due to her age, in violation of the ADEA.

157.    The Plaintiff is over 40 years old and is within a protected class.

158.    The Plaintiff was qualified to perform her job as Controller and Associate Vice President of Finance.

159.    The Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating the Plaintiff due to her age.

160.    Plaintiff complained about age discrimination. In doing so, she engaged in protected activity under federal law.

161.    In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated substantially younger employees; and ultimately terminated Plaintiff's employment.

162.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer,

emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award the Plaintiff prejudgment and post-judgment interest on her damages award;

f. Award the Plaintiff reasonable costs and attorneys' fees; and

g. Grant the Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XI: RACE and COLOR DISCRIMINATION
### (DISPARATE TREATMENT) – FCRA

163.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

164.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

165.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

166.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

167.    The Plaintiff has complied with all conditions precedent in filing this action.

168.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

169.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

170.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

171.    The Plaintiff is a member of protected class of Black citizens.

172.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and color.

173.    The discriminatory conduct referred to in the complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

174.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is Black.

175.    Similarly situated employees who are not Black were not subjected to the conduct described and referred to in this Complaint.

176.    The Plaintiff was and is qualified for her position while working for the Defendant.

177.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her race and color in the terms, conditions, and privileges of her employment.

178.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

179.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race and color.

180.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

181.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)

d.  Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment and post-judgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

### COUNT XII: RACE DISCRIMINATION (RETALIATION) – FCRA

182.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

183.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

184.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

185.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

186.    The Plaintiff has complied with all conditions precedent in filing this action.

187.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

188.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

189.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an

unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

190.     The Plaintiff is a member of protected class of Black citizens.

191.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

192.     Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

193.     The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about race and color discrimination.

194.     In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated non-black employees; and ultimately terminated Plaintiff's employment.

195.     The Plaintiff was and is qualified for her position while working for the Defendant.

196.     The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

197.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

198.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

199.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating him/her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment and post-judgmetn interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT XIII: SEX DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

200.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

201.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

202.   At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

203.   At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

204.   The Plaintiff has complied with all conditions precedent in filing this action.

205.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

206.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

207.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

208.   The Plaintiff is a member of a protected class based on her sex (female) and as such is protected under the FCRA.

209.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex.

210.    The discriminatory conduct referred to in this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

211.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is a woman.

212.    Similarly situated employees who are males were not subjected to the conduct described in this Complaint.

213.    The Plaintiff was and is qualified for her position while working for the Defendant.

214.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her sex in the terms, conditions, and privileges of her employment.

215.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

216.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her sex.

217.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

218.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

### COUNT XIV: SEX DISCRIMINATION (RETALIATION) – FCRA

219.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

220.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

221.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

222.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

223.    The Plaintiff has complied with all conditions precedent in filing this action.

224.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

225.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

226.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

227.    The Plaintiff is a member of a protected class based on her sex (female) and as such is protected under the FCRA.

228.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

229.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

230.    The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about gender discrimination.

231.    In response, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated male employees; and ultimately terminated Plaintiff's employment.

232.   The Plaintiff was and is qualified for her position while working for the Defendant.

233.   The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

234.   As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

235.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

236.   The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment and post-judgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

## COUNT XV: NATIONAL ORIGIN DISCRIMINATION
## (DISPARATE TREATMENT) – FCRA

237.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

238.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

239.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

240.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

241.    The Plaintiff has complied with all conditions precedent in filing this action.

242.    The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

243.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

244.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

245.    The Plaintiff is a member of a protected class based on her Hispanic national origin and, as such, is protected under the FCRA.

246.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her national origin.

247.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is Hispanic.

248.    Similarly situated employees who are not Hispanics were not subjected to the conduct described and referred to in this Complaint.

249.    The Plaintiff was and is qualified for her position while working for the Defendant.

250.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her national origin in the terms, conditions, and privileges of her employment.

251.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

252.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her national origin.

253.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

254.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment and post-judgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT XVI: NATIONAL ORIGIN DISCRIMINATION (RETALIATION) – FCRA

255.    The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

256.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

257.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

258.   At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

259.   The Plaintiff has complied with all conditions precedent in filing this action.

260.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

261.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

262.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

263.   The Plaintiff is a member of a protected class based on her Hispanic national origin and, as such, is protected under the FCRA.

264.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

265.   Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

266.   The discriminatory conduct referred to in this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

267.   The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination.

268.   In response to Plaintiff's complaints regarding national origin discrimination, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with severance packages offered to similarly situated male employees; and ultimately terminated Plaintiff's employment.

269.   The Plaintiff was and is qualified for her position while working for the Defendant.

270.   The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about national origin discrimination.

271.   As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

272.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

273.   The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

   **WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.   Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief, as the Court deems just and proper.

## COUNT XVII: AGE DISCRIMINATION (DISPARATE TREATMENT) – FCRA

274. The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

275. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

276. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

277. At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

278. The Plaintiff has complied with all conditions precedent in filing this action.

279. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

280. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

281.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

282.    The Plaintiff is a member of a protected class based on her age and is therefore protected from age-based discrimination under the FCRA.

283.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her age.

284.    The discriminatory conduct referred to in this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

285.    The Plaintiff was subjected to the conduct referred to in this Complaint because she was over 56 years of age.

286.    Similarly situated employees who are substantially younger than Plaintiff were not subjected to the conduct described and referred to in this Complaint.

287.    The Plaintiff was and is qualified for her position while working for the Defendant.

288.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her age in the terms, conditions, and privileges of her employment.

289.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

290.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her age.

291.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

292.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment and post judgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT XVIII: AGE DISCRIMINATION (RETALIATION) – FCRA

293.     The Plaintiff re-states and re-alleges paragraphs 1 through 38 as if set forth in full herein.

294.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

295.     At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

296.     At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

297.     The Plaintiff has complied with all conditions precedent in filing this action.

298.     The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

299.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

300.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

301.    The Plaintiff is a member of a protected class based on her age and is therefore protected from age-based discrimination under the FCRA.

302.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

303.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

304.    The discriminatory conduct referred to in paragraphs 1-21 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

305.    The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Plaintiff raised concerns to Human Resources regarding her supervisor's refusal to communicate with her, the unjustified termination of her subordinate, and her belief that these actions were motivated her color. Following her protected activity, she was demoted, her pay was reduced, and she was ultimately terminated on September 26, 2024.

306.    The Plaintiff was and is qualified for her position while working for the Defendant.

307.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

308.    In response to Plaintiff's complaints about age discrimination, Defendant demoted Plaintiff; excluded her from meetings; stripped her authority; offered her a diminished "consultant" role with reduced pay and no benefits (in lieu of her continued employment); offered Plaintiff severance pay, which was appalling in comparison with

severance packages offered to similarly situated substantially younger employees; and ultimately terminated Plaintiff's employment.

309.   As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

310.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

311.   The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.   Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

d.   Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.   Award a monetary judgment representing prejudgment interest;

f.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.   Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.   Grant such other and further relief, as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

The Plaintiff demands trial by jury of all issues so triable as of right.

**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                          www.Cash4myCase.com

Dated: June 10, 2025.

Respectfully submitted,

By: __/s/ R. Martin Saenz__
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: martin@legalopinionusa.com

THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*